UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PHILLIP AVERY SCALES,

       Plaintiff,

v.              Case No. 19-cv-1427-pp

SHERIFF PICCOLO,
RACINE SHERIFF'S DEPARTMENT,
RACINE COUNTY, CITY OF RACINE,
and JOHN DOE

       Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 3) AND SCREENING COMPLAINT**

---

  Plaintiff Phillip Avery Scales, representing himself, filed a complaint alleging that the defendants violated his civil rights under 42 U.S.C. §1983 when they allegedly touched his buttocks while he was an inmate at the Racine County Jail. Dkt. No. 1. The plaintiff also has filed a motion to proceed without prepaying the filing fee (Dkt. No. 2) and a motion to appoint counsel (Dkt. No. 3). This order resolves those motions and screens the complaint.

**I. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

  The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to let an incarcerated plaintiff proceed with his case without prepaying the filing fee if he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions

1

from his prisoner account. Id.

On October 1, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $6.75 by October 14, 2019. Dkt. No. 4. On October 16, 2019, the court received that fee. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee. The plaintiff must pay the $343 balance of the filing fee as he is able.

The court notes that on October 21, 2019—about three weeks *after* it received the initial partial filing fee—the court received a letter from the plaintiff asking for an extension of time to pay the fee. Dkt. No. 11. An extension of time is not necessary.

**II.   Screening the Complaint**

A.   Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

2

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    Allegations in the Complaint

The plaintiff alleges that on August 29, 2019, he was an inmate at the Racine County Jail. Dkt. No. 1 at 2. He says that between 8:30 and 8:45 a.m., two sheriff's deputies came to his cell, "cell #6 on floor 3B dayroom #1." Id. The plaintiff alleges that during this visit, defendant Sheriff Piccolo touched his buttocks. Id. The plaintiff states that he confronted Piccolo about the touch and that Piccolo's body camera caught the incident. Id. He says that when he asked Piccolo why Piccolo just sexually assaulted him (the plaintiff says this wasn't the first time it had happened with law enforcement), Piccolo "tried to nonchalantly act like it was an accident." Id. But when Piccolo walked the plaintiff out of his pod towards the elevators, the plaintiff asserts Piccolo

3

laughed and said, "'At least I didn't grab it, right?'" Id. at 2-3. The plaintiff alleges that when he attempted to see Piccolo's name tag to note his name, Piccolo grabbed the name tag "all cocky like and says, 'yes, it says Piccolo that's my name.'" Id. at 3. The plaintiff contends this is an admission that the touching wasn't accidental but intentional. Id.

The plaintiff also states that at an appointment with an unnamed nurse (not a defendant) the next day, he told the nurse of the incident and that it was recorded on C.O. Burns' body camera "as well." Id. He then immediately follows this allegation with the statement, "the sheriff John Doe did not do or say anything at all." Id.

The plaintiff demands financial compensation, specifically $5,000,000.00. Id. at 4. He alleges that he is mentally, physically and emotionally traumatized, is constantly fearful of law enforcement and suffers from daily nightmares, waking up yelling an in a cold sweat. Id.

C. Analysis

The plaintiff claims that Piccolo's unwanted touching of his buttocks violated his constitutional rights. The plaintiff does not state whether at the time of the incident, he was a pretrial detainee or a convicted prisoner. That information determines whether the court evaluates the plaintiff's claim under the Due Process Clause of the Fourteenth Amendment (applicable to pretrial detainees) or the cruel and unusual punishments clause of the Eighth Amendment (applicable to sentenced defendants). Reed v. Bowen, 769 Fed. App'x 365, 368-69 (7th Cir. 2019) (citing Kingsley v. Hendrickson, 576 U.S. 289, 135 S. Ct. 2466, 2475 (2015)). But the court notes that that "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." Lewis v. Downey, 581 F.3d 467, 475 (7th Cir. 2009).

4

Case 2:19-cv-01427-PP-WED   Filed 09/09/20   Page 4 of 12   Document 17

The plaintiff claims that defendant Piccolo touched his buttocks without his consent. The Seventh Circuit has held that "[a]n unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant." Washington v. Hively, 695 F.3d 641, 643 (7th Cir. 2012). At this stage in the litigation, the plaintiff has sufficiently alleged that the touching was of his private area and was intended to humiliate him. Specifically, he alleges that Piccolo's joking about the incident and his response when the plaintiff attempted to read his name tag demonstrate the intention to humiliate the plaintiff. The plaintiff may proceed on a claim for unwanted sexual touching against Piccolo. Whether it is an Eighth Amendment claim or a Fourteenth Amendment claim will depend on whether the plaintiff was a pre-trial detainee at the time of these events.

The plaintiff also names a John Doe Sherriff as a defendant, but he does not include any details about what John Doe may or may not have done. He simply states that Doe "did not do or say anything at all." Dkt. No. 1 at 3. The plaintiff does not explain whether he means *the* sheriff of Racine County, or one of the deputy sheriffs who came to his cell. He does not explain how the John Doe sheriff would have known about what happened—was the nurse supposed to tell him? He does not say where in the jail the John Doe sheriff worked, or when, or what his duties were. While the court must liberally construe a self-represented plaintiff's allegations, Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)), the plaintiff still must plead "factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 566 U.S. at 678

5

(citing Twombly, 550 U.S. at 556). The plaintiff has not provided such content for John Doe, so the court will dismiss John Doe as a defendant.

The plaintiff also named the Racine Sheriff's Department, the County of Racine and the City of Racine as defendants. He does not include any specific allegations against these entities. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." Hildebrant v. Ill. Dep't Nat. Resources, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996)). Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specifically allege what each individual defendant did (or did not do) to violate his constitutional rights.

Federal Rule of Civil Procedure 17(b) states that defendants in a federal lawsuit must have the legal capacity to be sued. State law determines an entity's capacity to be sued. Webb v. Franklin Cty. Jail, No. 160cv01284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8. 2017). Under Wisconsin law, the Racine Sheriff's Department "is not a legal entity separable from the county government which it serves," and is therefore not subject to suit under §1983. Whiting v. Marathon Cty. Sherriff's Dept., 382 F.3d 700, 704 (7th Cir. 2004).

Section 1983 allows a plaintiff to sue a "person" who, acting under the color of law, violates his constitutional rights. The County and City of Racine[1] are not persons. There are some circumstances where a municipality can be

---

[1] It is also not clear how the city of Racine was involved in the events the plaintiff described in the complaint. Everything the plaintiff described happened in the Racine *County* Jail and involved Racine *County* employees.

6

sued under §1983. See Monell v. Dept. of Social Servs. of City of New York, 436 U.S. 658 (1978). But a County or the City can be held liable only where the plaintiff alleges that "his injury was the result of the municipality's or corporation's official policy or custom." Rice v. Correctional Medical Services, 675 F.3d 650, 675 (7th Cir. 2012). The plaintiff has not alleged that the County had any specific policies or customs that violated his rights. His complaint concerns one isolated incident of a person allegedly touching his buttocks. The court will dismiss the Racine Sheriff's Department, the County of Racine and the City of Racine as defendants.

### III.    Motion to Appoint Counsel

The plaintiff attached to his complaint copies of six Inmate Request/Complaint forms. Dkt. No. 1-1. All six are dated between ten and thirteen days before he filed his federal complaint. Each form says that the plaintiff has "a few pending litigations" in the Eastern District and asks for a lawyer to represent him—some of them are worded as if the plaintiff was addressing them to a lawyer whom he was seeking to hire. The court also received a seventh inmate request/complaint form, which the clerk's office docketed separately as a motion to appoint counsel. Dkt. No. 3. This form, dated September 25, 2019, references letters he sent in two other cases pending before the court, 19-cv-1360 and 19-cv-1382, and stated that his filings in those cases included documentation of attempts to recruit counsel on his own. Id. It is not appropriate for the plaintiff to ask the court in this case to grant him relief based on documents he filed in other cases—the court considers each case separately and he must file anything he wants the court to consider in the case in which he wants the information considered. The court will not consider the information he filed in other cases, not in this case or in

7

any other case.

The plaintiff says that he has two very complex cases with which he needs help. Id. He says that his cases are too complex and involve "a very large sum for relief" for him to tackle them on his own. Id. He says that he doesn't know how to file a motion or subpoena "the video and audio body camera and ceiling camera footages along with interrogation videos, etc." that he needs for both cases. Id. He says that the Racine County Jail will not give him the materials personally if he "ask power of attorney or not its just different." Id.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'"[2] Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Pennewell v. Parish et al., 923 F.3d 486, 490 (7th Cir. 2019), (quoting Pruitt v. Mote, 503 F.3d 647,

---

[2] A couple of the forms the plaintiff attached to his complaint referred to the public defender. Public defenders—whether state or federal—represent defendants charged with crimes. They do not represent plaintiffs in civil lawsuits. Unlike in criminal cases, the government does not provide the court with money to appoint lawyers for civil litigants. The court must depend on volunteer civil lawyers, and the court constantly struggles to find lawyers to represent plaintiffs whose cases have gotten far enough that it looks like a trial may be likely.

653 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

The plaintiff has not demonstrated that he has made reasonable attempts to recruit counsel for *this case*. Even if the court had looked at whatever evidence he may have presented in his other cases, that evidence would not necessarily support his request in this case. A lawyer may decline to represent the plaintiff on a deliberate-indifference-to-serious-medical-needs claim because it is outside that lawyer's area of expertise but may be more comfortable representing him on the case involving unwanted sexual touching. The court will deny without prejudice the plaintiff's motion to recruit counsel (meaning that the plaintiff can bring the motion again later if things change). If the plaintiff makes a reasonable attempt to find an attorney for the claim in *this* case, he may renew his motion.

The court also notes the plaintiff's concerns that this case is too complex for him to litigate himself. The court first notes that for someone who is not experienced with litigation, the plaintiff has involved himself in a lot of it. Within the span of twelve days, he filed three federal lawsuits in the Eastern District of Wisconsin. The plaintiff has not provided the court with information that would be helpful in assessing his assertion that he cannot manage this case himself. What is his educational level? Does he have access to a law library? Did he have help preparing his complaint? Even without that information, however, the court can conclude that, at this early stage, the

9

plaintiff can handle the case himself for now. His description of what happened to him was clear and easy for the court to understand. He provided the who, what, when, where and how information that the court needed to determine whether he had stated a claim for which a federal court could grant relief. The court will direct the defendant to respond to the complaint. Once the defendant has responded, the court will enter a scheduling order setting deadlines for the parties to exchange information about what happened. At that point, the plaintiff may ask the defendants to answer his interrogatories (written questions) and produce any reports, records, documents or videos that he needs to prove his claims. Federal Rules of Civil Procedure 33, 34. A person does not need legal training to ask the other side questions about his case or to ask for documents or video that he believes will help him prove it, and the Federal Rules of Civil Procedure require a party to a lawsuit to provide such the answers and other things requested unless the court says otherwise.

## IV.     Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 3

The court **DISMISSES** defendants John Doe, the Racine Sheriff's Department, the County of Racine and City of Racine from this case.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendant Sheriff Piccolo under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not

10

Case 2:19-cv-01427-PP-WED    Filed 09/09/20    Page 10 of 12    Document 17

made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that defendant Piccolo must file a responsive pleading to the complaint.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and for filing dispositive motions.

The court will issue a separate order **REFERRING** this case to Magistrate Judge William E. Duffin for pretrial proceedings.

The court **ORDERS** that the plaintiff must submit all correspondence and case filings to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders

or other information not being timely delivered, which could affect the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 9th day of September, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**