UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PHILLIP AVERY SCALES,

          Plaintiff,

v.                                Case No. 19-CV-1427

SHERIFF PICCOLO,

          Defendant.

## DECISION AND ORDER

Plaintiff Phillip Avery Scales, who is representing himself, brings this lawsuit under 42 U.S.C. § 1983. Scales alleges that the defendant, Sheriff Piccolo, violated his constitutional rights when he engaged in unwanted sexual touching while securing Scales in restraints to be transported to court. Piccolo filed a motion for summary judgment (ECF No. 58). The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 8, 23.)

In his reply brief Piccolo notes that Scales failed to comply with the district's local rules governing motions for summary judgment. Civil Local Rule 56(b)(2) states what a party opposing a motion for summary judgment must file in response:

    (A) a memorandum of law;

    (B) a concise response to the moving party's statement of proposed findings of fact that must contain

        (i)    a reproduction of each numbered paragraph in the moving party's statement of facts followed by a

> > response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and
>
> > (ii) a statement, consisting of short numbered paragraphs of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph . . . .
>
> (C) any opposing affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

Civ. L.R. 56(b)(2). Scales's response is a one-paged document entitled, "Motion Opposing Summary Judgment." (ECF No. 65.) In his response Scales argues that the video evidence Piccolo submitted to support his motion for summary judgment "does not show the whole situation in its entirety" and there is no audio with the video, so his case should be heard by a jury. (*Id.* at 1.)

While district courts may overlook a plaintiff's noncompliance with local rules by construing the limited evidence in a light most favorable to the plaintiff, and can construe *pro se* submissions leniently, there is no requirement they do so. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016); see also *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) (recognizing that district courts are entitled to insist on strict compliance with the local rules).

Scales was made aware on several occasions what was required to adequately respond to summary judgment. The scheduling order issued by the court on October 30, 2020 contained the relevant Civil Local Rules and Federal Rules of Civil

2

Procedure. (ECF No. 24.) The court also enclosed a guide with its scheduling order entitled, "Answers to Prisoner Litigants' Common Questions." That guide contained information, written in an easy-to-understand manner, that explains what a summary judgment motion is and how a plaintiff should respond to such a motion.

Piccolo provided Scales with the relevant rules of procedure when he filed his motion for summary judgment. (ECF No. 58.) Additionally, the day after Piccolo filed his motion for summary judgment, on July 9, 2021, the court sent a notice and order to Scales that stated in relevant part:

> In responding to the motion, Scales must respond to each of the proposed findings of fact by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact. If he does not indicate one way or the other, the court will assume that he agrees with the proposed fact. Scales must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746.1 An unsworn declaration is a way for a party to tell his side of the story while declaring to the court that everything in the declaration is true and correct. Scales must also respond to the legal arguments in the brief.

(ECF No. 63 at 1-2.) The notice and order also informed Scales that, if he did not respond to Piccolo's motion, there "may be sufficient cause for the court to grant the motion as a sanction for noncompliance with Civil L.R. 56 and this order." (*Id.* at 2.) The court also stated that, if Scales needed more time to prepare his response materials, he could ask for an extension of time. (*Id.*)

Scales is currently not incarcerated and was not incarcerated during the briefing period for the summary judgment motion, so he did not encounter many of the

3

challenges that incarcerated *pro se* litigants face, such as limited library time or limited access to a computer. He also could have availed himself of several resources that exist for *pro se* litigants who are not incarcerated, such as the Eastern District of Wisconsin's Federal Legal Assistance Program.

In short, Scales had ample opportunity and the means to properly respond to Piccolo's motion for summary judgment, but he still failed to submit any affidavits, sworn declarations, or other admissible documentary evidence supporting his arguments, or even substantively respond to Piccolo's arguments. He was also made aware of the consequences should he fail to follow the rules. As such, the court will not overlook Scales's noncompliance and accepts Piccolo's proposed findings of fact as unopposed. The court has reviewed Piccolo's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Piccolo is entitled to summary judgment. Accordingly, the defendants' motion is granted, and the case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Piccolo's motion for summary judgment (ECF No. 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of

Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 10th day of December, 2021.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge